IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT ANCHORAGE

Cory B. Zernia,                )
                               )
            Plaintiff,         )
                               )
vs.                            )
                               )
Bradley Sparks, M.D.,          )
                               )
            Defendant.         )
_____) Case No. 3AN-12-____ CI

## COMPLAINT

Comes now Plaintiff Cory B. Zernia, and for his respective causes of action hereby alleges as follows:

1. Plaintiff Zernia is a resident of the State of Alaska.

2. Defendant Bradley Sparks, M.D. (hereinafter referred to as "Dr. Sparks") is a medical doctor who, on information and belief, is licensed by the State of Alaska and, during all relevant times alleged herein, was and is a resident of Anchorage, Alaska.

4. On information and belief, Dr. Sparks is an independent contractor to the Alaska Native Medical Center and not an employee of that entity or any other Indian Health Services agency or entity.

5. Jurisdiction in this Court is proper under

AS 22.10.020. Venue is proper under AS 22.10.030 and Alaska Civil Rule 3.

6. Dr. Sparks' negligent acts caused the injuries to Plaintiff Zernia that have led to his medical, economic and noneconomic losses.

**FACTUAL BACKGROUND**

7. Upon the medical advices and recommendations of Dr. Sparks, Plaintiff Zernia underwent left hip replacement surgery on December 30, 2009. The surgery was performed by Dr. Sparks at the Alaska Native Medical Center in Anchorage Alaska.

8. Upon the medical advices and recommendations of Dr. Sparks, Plaintiff Zernia underwent right hip replacement surgery on April 12, 2011. The surgery was performed by Dr. Sparks at the Alaska Native Medical Center in Anchorage Alaska.

9. Since these surgeries, Plaintiff Zernia has suffered pain, joint dysfunction, disability, and bone degradation in each hip. Consequently, upon the medical advices and recommendations of Dr. Sparks, Plaintiff Zernia had revision surgeries of both hips. His left hip surgery was revised on November 9, 2010, and his right hip surgery was revised on May 23, 2012. These surgeries were performed by Dr. Sparks at the Alaska Native Medical Center in Anchorage, Alaska.

10. Plaintiff Zernia has followed all post surgical instructions and recommended rehabilitation protocols provided by Dr. Sparks.

11. Plaintiff Zernia now suffers disability, pain, joint dysfunction, and bone loss, and is facing a third surgical intervention in both hips.

12. As a direct and proximate result of the negligent conduct of Dr. Sparks, Plaintiff Zernia has suffered significant disability, pain and suffering, loss of enjoyment, emotional distress, and inconvenience. Plaintiff Zernia has also incurred past and future medical expenses and rehabilitation costs. Plaintiff has further suffered wage losses and additional economic losses.

## COUNT I

Plaintiffs re-allege paragraphs 1 through 12 as if fully set forth herein and further allege as follows:

13. Defendant Dr. Sparks owed a duty to Plaintiff Zernia to assess, diagnose and treat him with the degree of care and/or knowledge or skill possessed by or ordinarily exercised by medical doctors trained in the field of orthopedic surgery.

14. Dr. Sparks either lacked the degree of knowledge or skill or failed to exercise the degree of care possessed by or ordinarily exercised by medical doctors trained in the field of orthopedic surgery and was negligent and/or reckless in at least

the following ways: failing to properly evaluate Plaintiff Zernia as a surgical candidate, failing to select suitable joint implants and components, failing to use proper surgical techniques and procedures, and failing to seek proper advices, oversight, and supervision from more experienced or skilled surgeons to assure that Plaintiff Zernia received proper diagnosis, surgical intervention, rehabilitation, and treatment.

15. Plaintiff Zernia returned to Dr. Sparks and the care providers under his direction seeking further diagnosis and treatment, and an explanation for his implant failures. At no time has Dr. Sparks or any care provider under his supervision disclosed to Plaintiff Zernia the negligent errors and omissions asserted herein.

29. As a direct and proximate result of the negligent and/or reckless act and/or acts as above alleged, either alone or in combination, Plaintiff Zernia has suffered the injuries and losses set out herein.

Wherefore, plaintiffs pray for the following relief:

1. For compensatory damages, in excess of $100,000.00, the exact amount to be proven at trial, including, but not limited to, compensation for noneconomic losses, including but not limited to, disability, pain and suffering, loss of enjoyment, emotional distress, and inconvenience, and also for

economic losses, including past and future medical and rehabilitation expenses, and lost wages and benefits.

2.   For costs, attorney's fees and pre-judgment interest; and

3.   For such other and further relief as the Court deems just and proper.

DATED this 9th day of November 2012, at Anchorage, Alaska.

By: _____
Cory J. Zerna
Pro Se